**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **CHRISTOPHER D. SAVOURY,** | ) | **CASE NO. 12-22576(RDD)** |
| **SHERRI SAVOURY** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **CHRISTOPHER D. SAVOURY,** | ) | **ADV. PROC. NO._____** |
| **SHERRI SAVOURY** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OCEANFIRST BANK,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM AND COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND OBJECTION TO PROOF OF CLAIM 11-1 FILED BY OCEANFIRST BANK**

## I. INTRODUCTION

1.1     This is an action for actual and punitive damages filed by the Debtors / Plaintiffs, Christopher D. Savoury and his wife Sherri Savoury,  (hereinafter "Plaintiffs" or "Debtors") pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the Defendant(s) in the residential real estate of the Debtors and determine the amount of the allowed secured claim, if any, of the Defendant, Oceanfirst Bank.

1.4    This Complaint focuses on the improper billing of escrow by Oceanfirst Bank in its claims as purported servicer against the Debtors' estate for improper amounts owed as certified by employees of the Defendant and its attorneys.

1.5    This complaint focuses on the improper add on charges and fees reflecting in the Defendants' proof of claim and Defendant's Objection to Proof of Claim.

1.6    This Complaint focuses on the fraud perpetrated on the Court and the Plaintiffs by filing a false proof of claim and the Defendant's fraudulent misrepresentation of the owner of the Debtors' Mortgage Loan and the identity of the real party in interest.

1.7    This Complaint focuses on the fact that Defendant OceanFirst Bank is not the holder or owner of a promissory note indorsed to it nor the holder or owner of a valid mortgage as purported in a proof of claim filed by Oceanfirst Bank under oath and submitted to this court.

## II.    PARTIES

2.1    The Plaintiffs in this case were and are Debtors under Chapter 13 of Title 11 of the United States Code in case number 12-22576(rdd), which case was filed on March 30, 2012 and is presently pending before this Court.

2.2    The Defendant, Oceanfirst Bank is a banking institution registered with the FDIC designated and identified by FDIC Certificate Number 28359  and listed as a "savings association" it is not known what if any government body be it state or federal permits the Defendant to purchase, sell, and/or service residential mortgage loans. Defendant is headquartered in Toms River, New Jersey.  Oceanfirst Bank purports to be the mortgage servicer of the mortgage loan debt which is subject of this complaint.  Oceanfirst Bank may be served by mailing a copy of the Summons and Complaint, via certified  first class to its headquarter's address on file with the FDIC, namely 975 Hooper Avenue, Toms River, NJ 08753.

2

2.3     The Defendant, Oceanfirst Bank purports to both own and service the Plaintiffs'

mortgage loan.

## III.     ADDITIONAL FACTS

3.7     On August 22, 2006 non-party "Columbia Home Loans, LLC" (hereinafter "Columbia"

or "Originating Lender") made a mortgage loan to Plaintiffs for the purpose of acquiring their

primary residence, a dwelling located at 44 Theills Mount Ivy Road, Pomona, New York 10970

(the "Property"), referred to in this Complaint as the "First Mortgage Loan."

3.8     In connection with the First Mortgage Loan the Plaintiffs executed a promissory note (the

"First Mortgage Note") in the original principal amount of $570,000.00 payable to Columbia.

3.9     The First Mortgage Note was secured by a Mortgage on the Property which named

Columbia as the Lender, dated August 22, 2006 and recorded in the Rockland County, New

York Office of the County Clerk (the "First Mortgage").

3.10    The First Mortgage Loan is a consumer credit transaction within the meaning of, and

subject to, TILA.

3.11    The First Mortgage Loan is a "federally related mortgage loans" as defined in 12

U.S.C. § 2602(1).

3.12    On or about March 30, 2012 the Plaintiffs filed a petition for Chapter 13 Bankruptcy in

the United States Bankruptcy Court for the Southern District of New York, White Plains

Division and were assigned case number 12-22576.

3.13    On or about May 29, 2012, Oceanfirst Bank filed proof of claim number 11-1 in the

Plaintiffs' bankruptcy case

3.14    On or about May 29, 2012, Oceanfirst Bank filed an Objection to Confirmation of

Debtors' Plan  which appears as ECF Document Number 14 in the Plaintiffs' bankruptcy case.

3

## IV.    OBJECTION TO PROOF OF CLAIM

**4.1**    The allegations of paragraphs 1.1 through 3.14 of this Complaint are hereby re-alleged

and incorporated by reference.

**4.2**    As afore pleaded, on or about May 29, 2012 the Defendant through counsel filed an

Objection to the Confirmation of the Debtors' Chapter 13 Plan.  Said objection appears as ECF

Doc. 14 on the Court's Electronic Filing System.

4.21    In support of its objection the Defendant attached the following documents:

A) A FIVE (5) page document entitled Fixed/Adjustable Rate Note and dated August 22,

2006 (hereinafter the "Note")  naming Columbia Home Loans LLC as lender and the Debtors,

Christopher Savoury and Sherri Savoury as Borrowers.  The Note bears no further indorsement;

B)  A Rockland County Land Records Recording Cover Sheet for the recording of a

mortgage  indicating the recorded documents is returnable to "Columbia Equities, Ltd." And

identifies the Grantee as "Columbia Home Loans LLC".  The date of recording is October 27,

2006;

C)  A SIXTEEN(16) page document "Mortgage" identifying the lender as "Columbia

Home Loans, LLC, a corporation or association under the laws of the state of New York with an

addres of 400 Columbus Avenue, Valhalla, NY 10595"AND further identifying Mprtgage

Electronic Registration Systems Inc., "MERS" as nominee to Columbia Home Loans LLC and

so states that "for purposes of recording this mortgage, MERS is named as Mortgagee of

Record";

D) A document entitled Fixed/Adjustable Rate Rider Interest Only for 10 Years

(hereinafter the "Rider")

E)  A Rockland County Land Records Recording Cover Sheet for the recording of a an Assignment of Mortgage  indicating the recorded documents was received from "Advantage Foreclosure" and is returnable to the law firm of "Stagg, Terenzi, Confusione & Wabnik, LLB" and identifies the Grantor as "Columbia Home Loans LLC" and the Grantee as "Ocean First Bank".  The date of recording is April 1, 2011;

F)  A document titled, "Assignment of Mortgage" presented with a partial signature of an unidentified person in an unidentified capacity under the signature line of "Mortgage Electronic Registration Systems Inc."  Said Assignment of Mortgage purports to assign both the mortgage and the note from "Mortgage Electronic Registration Systems Inc. (MERS) as Nominee for Columbia Home Loans Inc." to Oceanfirst Bank.  Said Assignment of Mortgage is dated February 22, 2011.  There is no indication how or when MERS ever obtained the Note or power to assign a Note or perform any act as a nominee other than to act as a mortgagee of record as indicated in the mortgage document so noted above.  The Debtors aver that this alleged Assignment of Mortgage is a bogus document and is not an instrument by which any asset was transferred between any parties.  Furthermore, based upon information and belief, the MERS procedures manual prohibits MERS certifying officer from executing assignments that include any language that refers to assigning the note and further provides a penalty to its members who use such assignments from MER to assign a Note.

E)  Based upon information and belief, Columbia Home Loans, LLC is a Domestic Limited Liability Company formed and active under the laws of the State of New York.

F)  The Objection to Confirmation  further provides as an exhibit an unsubstantiated list of alleged fees and costs totaling $110,568.565 as "arrears" and an unsubstantiated list of alleged fees and costs totaling $676,162.00 as "total due";

5

G) The Debtors aver that the alleged itemized fees, costs and payments due are inaccurate and reflect, in part, fees for the cost of manufacturing an assignment of mortgage as discusse d herein below and for legal fees allegedly pertaining to both a foreclosure case and this bankruptcy case which were not awarded to the Defendant by any Court of competent jurisdiction;

H) The Plaintffs aver that the so-called Escrow Advance indicated in the Objection to Confirmation is already accounted for in the Principal line item and thusly represents double dipping by the Defendant.

4.3     As afore stated on or about May 29, 2012, in addition to filing an Objection to Confirmation, the Defendant Oceanfirst Bank filed Proof of Claim number 11-1 with this federal court in the instant bankruptcy case.

4.4     Proof of Claim 11-1 includes the same itemized unsubstantiated list of fees, costs, unawarded legal fees  and double dipping escrow claim as presented in the aforementioned Objection to Confirmation of Plan.

4.5   Attached to Proof of Claim 11-1 are the following documents purporting to support Oceanfirst Bank's claim:

A) A FIVE (5) page Note naming Columbia Home Loans LLC as lender and the Debtors, Christopher Savoury and Sherri Savoury as Borrowers.  The Note bears no further indorsement;

B)  A Rockland County Land Records Recording Coverpage for the recording of a mortgage  indicating the recorded documents is returnable to "Columbia Equities, Ltd." And identifies ah Grantee as "Columbia Home Loans LLC".  The date of recording is October 27, 2006;

6

C)  A SIXTEEN(16) page document "Mortgage" identifying the lender as "Columbia

Home Loans, LLC, a corporation or association under the laws of the state of New York with an

addres of 400 Columbus Avenue, Valhalla, NY 10595"AND further identifying Mortgage

Electronic Registration Systems Inc., "MERS" as nominee to Columbia Home Loans LLC and

for purposes of recording this mortgage, MERS is named as Mortgagee of Record;

D)  Another copy of the  curious document titled, "Assignment of Mortgage" signed by

an unidentified person in an unidentified capacity under the signature box of "Mortgage

Electronic Registration Systems Inc."  said Assignment of Mortgage purports to assign both the

mortgage and the note from "Mortgage Electronic Registration Systems Inc. (MERS) as

Nominee for Columbia Home Loans Inc." to Oceanfirst Bank.  Said Assignment of Mortgage is

dated February 22, 2011.  There is again no indication how or when MERS ever obtained the

Note or power to assign a Note or perform any act as a nominee other than to act as a mortgagee

of record.  The Debtors aver that this alleged Assignment of Mortgage is a bogus document and

is not an instrument by which any asset was transferred between any parties.

**4.6**     Plaintiffs  object to the Proof of Claim 1-1 as follows:

**4.7**      The Note affixed to the proof of claim is required to be true copy of the original as per

FRBP 3001(c) and 9011 to be a duplicate of the original.  The Note is in favor of

Columbia and is otherwise not endorsed and therefore the Note is unenforceable by the named

creditor, Oceanfirst Bank.

**4.8**     The Mortgage affixed to the to the proof of claim is required  and certified to be true copy

of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original.  The Mortgage is

in favor of the lender, Columbia, not the named creditor Defendant Oceanfirst Bank.

**4.9**     The purported  assignment of mortgage attached to the proof of claim is a bogus

7

document and does not effectively transfer either the Note or the Mortgage to the Defendant, named creditor, Oceanfirst Bank.  Specifically, the Plaintiffs aver that based upon the public information available at the website of the company "Advantage Foreclosure", which is the entity that sent the alleged Assignment of Mortgage and note to the Rockland County land records recording office, is in the business of offering so-called  support services to the foreclosure industry.  Advantage Foreclosure's website has a page with "Client Testmimonials" and includes a published a testimonial of an attorney at the law firm of Stagg Terenzi Confusione & Wabnik, the same law firm to which  the recorded assignment of mortgage was to be returned and the same law firm which filed the Proof of Claim and the Objection to Confirmation,  as follows:

"As an attorney specializing in foreclosures, my business depends on fast turnaround for foreclosure searches and services… There are no compromises in adhering to strict timelines. Advantage understands this need and for over ten years I have consistently depended on them for speed, accuracy and a high degree of overall service."

Lisa Confusione, Esq.
Stagg, Terenzi, Confusione & Wabnik, LLP

A link to the web page publishing the identity of the above quote is as follows:

http://www.advantage-foreclosure.com/about-us/testimonials.asp

The Plaintiffs aver that the Assignment of Mortgage was created by Advantage Foreclosure at the direction of the Defendant or its agents/attorneys for the purpose of enticing the reliance of the Plaintiffs, the Court, the Chapter 13 Trustee and all creditors and parties in interest, on the same.

**4.10**    The named creditor does not maintain a valid lien on the Debtors' property.

**4.11**    The Proof of Claim is padded with unsubstantiated and charges, designed to extract additional and substantial profits from the servicing of Debtors' mortgage loan and

8

from the property of this bankruptcy estate to the detriment of Debtors and unsecured

creditors.

**4.12**    Claimant failed to attach any supporting documentation to support its claims for interest,

Late charges, escrow shortage, inspection fees or the use of a suspense account.  This failure to

attach supporting documentation violated Bankruptcy Rule 3001(c).

**4.13**    Upon information and belief, the claimed pre-petition inspection fees, and escrow

advance were neither reasonable nor necessary, are not supported by time and expense records,

and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**4.14**    Upon information and belief, Claimant does not have standing, and has not established

that it acquired the note and the mortgage as required by law.

.    **B.  LACK OF STANDING / REAL PARTY IN INTEREST**

 **and VIOLATION OF 11 U.S.C. §362(a)**

**4.15**    The allegations in paragraphs 1.1 through 4.14 of this complaint are realleged and

incorporated herein by this reference.

**4.16**    There is no documentation provided in Proof of Claim #1-1 proving a complete chain of

title from the originating lender, Columbia, to Defendant Oceanfirst Bank

**4.17**.    There is no documentation provided in Proof of Claim #11-1 proving a complete chain of

title from the originating lender, Columbia, to Defendant Oceanfirst Bank.

**4.18**    The creditor must prove that it is the real party in interest as the rightful owner and holder

of both the Note and the Mortgage and that it has the legal right to enforce the same; Defendant

Oceanfirst Bank fails to meet this burden.

**4.19**    There was no writing filed with the Proof of Claim demonstrating the purported

creditor's interest on the property securing such claim in violation of B.R. 3001(c).

4.20    There is no apparent chain of transfers attached to the proof of claim to explain how or when the purported creditor allegedly came to own the Debtors' loan, save for a bogus MERS assignment which leaves more questions than answers.

4.21    A federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to the Defendant Oceanfirst Bank in any manner.

4.22    The purported creditor  is therefore, not a creditor or the real party in interest and has no standing to file the instant motion.

4.23    Defendant Oceanfirst Bank has no constitutional standing to file its sworn proof of claim in the Plaintiffs's Chapter 13 case.

4.24    In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder and owner, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the real party in interest*. (emphasis added)

4.25    A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

4.26    The Plaintiffs avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated , the creditor's  very claim is defective.

4.27    In the case at bar, the claimant, Defendant Oceanfirst Bank, establish only that it is neither the holder nor the owner of the note.  Defendant Oceanfirst Bank fails to assert that it has a beneficial interest in the Note affixed to its proof of claim.

**4.28**    The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies."  Justice Powell delivered the Opinion of the Supreme Court in the case of <u>Warth v. Seldin</u> addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the Plaintiffs has made out a ―case or controversy‖ between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the Plaintiffs has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court‘s remedial powers on his behalf. <u>Baker v. Carr</u> 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court‘s jurisdiction therefore can be invoked only when the Plaintiffs himself has suffered ―some threat or actual injury resulting from the putatively illegal action…‖ <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ <u>Warth v. Seldin</u> 422U.S.490, 498 (1975)

> Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts‘ decisional and remedial powers. … even when the Plaintiffs has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **Plaintiffs generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ <u>Warth v. Seldin</u> 422U.S.490, 499 (1975) (**emphasis added**)

**4.29**    The Plaintiffs in the instant case reiterate that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity."

*Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability.

*Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454*

*U.S. 464, 473 (1982).* Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge,* 454 U.S. at 472.

**4.30** As set forth hereinabove, the claimant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself.

**4.31** Defendant Oceanfirst Bank has not shown that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the Plaintiffs's loan has been by way of fraudulent and misleading documents including a bogus Assignment of Mortgage.

**4.32** Defendant Oceanfirst Bank must demonstrate *how, when and from whom* they derived their alleged rights. In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010. Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank. The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.' Mims*, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

12

A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief

from Stay appears in the <u>Mims</u> ECF Docket as Document #42.

**4.33**      In the instant case as in the <u>Mims</u> case, there is a complete lack of any credible

explanation describing how, when and from whom Defendant Oceanfirst Bank derived any

rights.  There is a clear question of fact as to the issue of Defendant Oceanfirst Bank's standing

to bring a claim.

**4.34**      To the extent Defendant Oceanfirst Bank through its agents or attorneys filed the instant

proof of claim constitutes a gross and willful violation of the Automatic Stay pursuant to 11

U.S.C. section 362(a)(3) by all involved.

**4.35**      As a result of the violation of the automatic stay as described herein, Defendant

Oceanfirst Bank is liable to the Plaintiffs for actual damages, punitive damages and legal fees

under 362(k)(1) of the Bankruptcy Code.


## V.      CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**5.1**      The allegations in paragraphs 1.1 through 4.35 of this complaint are realleged and

incorporated herein by this reference.

**5.2**      At no time relevant to the allegations herein was Defendant Oceanfirst Bank the actual

holder and the lawful owner of the mortgage note originally signed by the Plaintiffs.

**5.3**       Therefore, the Defendant Oceanfirst Bank have no constitutional standing to file a claim

or otherwise participate in this Chapter 13 proceeding.

**5.4**      Because Defendant Oceanfirst Bank is not the actual holder and lawful owner or assignee

of the mortgage, Defendant has no security interest, and no right to seek to collect money from

Plaintiffs.

**5.5**     As a result thereof the Defendants should be ordered to pay back to the Chapter 13

Trustee all funds received from the Plaintiffs in the form of direct mortgage payments.

**5.6**      Plaintiffs seeks a declaratory judgment holding that the  Defendant Oceanfirst Bank has

no enforceable secured or unsecured claim against the property of the estate in bankruptcy;

**5.7**     Plaintiffs also seek a declaratory judgment, and a judgment ordering Defendants to pay

back to the Chapter 13 Trustee all funds received from Plaintiffs in the form of direct mortgage

payments.

**5.8**      Plaintiffs also seeks a judgment declaring Defendants' claimed security interest void

pursuant to 11 U.S.C. § 506(d).

**VI.     CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE
AND FRAUDULENT PROOF OF CLAIM**

**6.1**     The allegations in paragraphs 1.1 through 5.8 of this complaint are realleged and

incorporated herein by this reference.

**6.2**     The proof of claim filed by Defendant Oceanfirst Bank was false and fraudulent for the

following reasons:

A. It included a note bearing no endorsement;

B. Defendant Oceanfirst Bank does not actually own the note or have constitutional

standing to file a proof of claim;

C. It includes fees that were excessive, and that were neither reasonable nor

Necessary and /or represent amounts not actually owned by the Plaintiffs;

D. Upon information and belief, it includes inspection fees and appraisal fees that were

inflated, marked-up, and/or false in that the appraisals and inspections were not actually

performed; and

14

E. Upon information and belief, it includes unsubstantiated escrow arrearages.

F.  Defendant twice presented a fraudulent document to this court, namely the assignment of mortgage which also purports to assign the note, for the purpose of enticing the readers reliance so as to obtain money from the Plaintiffs and their bankruptcy estate.

**6.3**      This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

**6.4**      The Court should impose sanctions on Defendants for filing an improper claim in this case. Plaintiffs therefore requests that Court invoke the powers granted to it by 11 U.S.C. § 105(1) and issue such order, process or judgment necessary to address the fraud of the Defendant and to prevent any future fraud or abuse of process. In the alternative, the Plaintiffs request this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.


WHEREFORE, Plaintiffs prays:

A. That the Court disallow and strike and expunge Proof of Claim Number 11-1;

B. That the Court direct the Chapter 13 Trustee to strike the Proof of Claim;

C. Defendant Oceanfirst Bank be precluded from filing any amended, modified, or substitute claim in this case;

D. That the alleged arrearages contained in the Proof of Claim be canceled and forever discharged;

E. That Claimant be required to pay legal fees and expenses to the attorney for Plaintiffs ;

F. That the Claimant provide a complete accounting of the Debtors' mortgage loan account,

forthwith.

G.  That Defendants claimed security interest be declared void pursuant to 11 U.S.C. §

506(d); and

H. That Plaintiffs have such other and further relief as the Court may deem just and

proper.

WHEREFORE, Plaintiffs prays that the Court grant the relief requested herein.


RESPECTFULLY SUBMITTED,

/s/ Linda M. Tirelli
LINDA TIRELLI, ESQ
COUNSEL FOR DEBTORS
Garvey Tirelli & Cushner, Ltd.
50 Main Street, Suite 390
WHITE PLAINS, NEW YORK 10606
PH: (914)946-2200 / Fax 914-946-1300